# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Justin Scott Cosner;
Jason Ryan McDermott,

                                    Petitioners,

        v.

State of Idaho, et al.,

                                    Respondents.

Case No. 2:26-cv-00448-GMN-NJK

**ORDER**

Petitioners Justin Scott Cosner and Jason Ryan McDermott, *pro se* litigants, commenced this action by filing a Motion for Void Judgment (ECF No. 1-1). Because Petitioners appear to challenge their state court convictions, the Court construes their Motion as a request for federal habeas corpus relief. The Court notes that as an initial matter Petitioners have not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete Application for Leave to Proceed *In Forma Pauperis* (IFP).

Nonetheless, on initial review under the Rules Governing Section 2254 Cases,[1] the Court finds that it lacks jurisdiction because Petitioners filed their Motion in the wrong district. Petitioners are inmates at Saguaro Correctional Center and are challenging Idaho state convictions. This Court has no jurisdiction over a respondent in the State of Arizona. 28 U.S.C. § 2241(a). The proper respondent is the warden of the prison in which Petitioners are incarcerated. 28 U.S.C. § 2242.

In addition, the Motion is nearly inscrutable. It does not set forth any potentially meritorious claim that their custody violates federal law. As best as the Court can tell, Petitioners assert that they are sovereign citizens and that the Idaho appellate court lacks jurisdiction over their criminal state convictions. A state prisoner is entitled to federal habeas

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id*. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

The Court, therefore, dismisses this matter without prejudice to Petitioners' ability to seek habeas relief from the proper court and against the proper respondent. A certificate of appealability is denied because jurists of reason would not find the dismissal to be debatable or wrong.

**IT IS THEREFORE ORDERED:**

1. Petitioners Motion for Void Judgment (ECF No. 1-1) is denied, and this matter is dismissed without prejudice to Petitioners' ability to seek habeas relief from the proper court and against the proper respondent.

2. Petitioners are denied a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

3. The Clerk of the Court is kindly directed to enter final judgment and close this case.

DATED:     March 19, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

2